## KING v. BLACK.

### Opinion delivered December 13, 1909.

1. APPEAL AND ERROR—WAIVER OF EXCEPTIONS.—Error of the trial court in excluding evidence is waived by failure to make the exclusion a ground of the motion for new trial. (Page 599.)

2. SAME—BRINGING UP INSTRUCTION.—The error of giving an instruction cannot be insisted upon on appeal where the bill of exceptions fails to show that such an instruction was given. (Page 600.)

3. SALES OF CHATTELS—RESERVATION OF TITLE.—Where the undisputed testimony in a replevin case shows that the personal property in question was sold with reservation of title in the vendor until the purchase money was paid, it was not error to instruct the jury that the plaintiff (who was the vendor) was entitled to recover if any of the purchase money was unpaid. (Page 600.)

Appeal from LaFayette Circuit Court; *Jacob M. Carter*, Judge; affirmed.

*D. L. King*, for appellant.

When appellant turned over five bales of cotton in the fall of 1904, it was a full and complete settlement. 112 S. W. 402. Abbie Warren was a competent witness. 119 S. W. 837.

*Warren & Smith*, for appellee.

HART, J. Dick Black brought suit in replevin in a justice of the peace court against Daniel Warren to recover possession of an iron grey mule, valued at $90.

The plaintiff gave bond as required by the statute, and the sheriff took charge of the mule. Thereupon the defendant gave a cross-bond, and regained possession of the mule.

D. L. King interpleaded for the mule. A trial was had, which resulted in a verdict and judgment for the intervener. The plaintiff appealed to the circuit court. In the circuit court the death of Daniel Warren was suggested and admitted. D. L. King was appointed administrator *ad litem,* and the suit revived in his name as such administrator.

The trial in the circuit court resulted in a verdict for the plaintiff in the sum of $50. From the judgment rendered on the verdict an appeal has been taken to this court. The principal contention of appellants is that the verdict is not supported by the evidence. The undisputed facts show that Dick Black sold the mule in controversy to Daniel Warren with the understanding that the title was not to pass to Warren until he had paid for it. The sale was made in January, 1904, and during that year Warren traded at the store of Black. Some time in the fall Warren delivered to Black 5 bales of cotton. The testimony of appellants tends to show that the cotton was received by Black as payment in full both of his account and of the purchase price of the mule. The testimony of appellee tends to show that the cotton was delivered to him to be held for a rise in price, and that, when sold, the proceeds were to be applied first to the payment of Warren's store account. That the 5 bales of cotton were small, and that, when sold, they were hardly sufficient to pay the store account of Warren. That it was agreed that the proceeds of the cotton should be applied to the payment of the store account. That Warren was given permission to retain the possession of the mule for another year.

D. L. King claimed the possession of the mule by virtue of a mortgage executed to him by Warren. The jury under proper instructions of the court have passed upon this conflict in the evidence, and their verdict is conclusive upon us.

Counsel for appellants also rely for a reversal upon the failure of the court to allow Abbie Warren, the widow of Daniel Warren, deceased, to testify, but he did not embody his objection to the ruling of the court in his motion for a new trial, and, under the settled rules of the court, it cannot be consid-

ered on appeal. Error in excluding evidence is waived by failure to make the exclusion a ground of motion for a new trial: *St. Louis, I. M. & S. Ry. Co.* v. *Deshong*, 63 Ark. 443; *Ince* v. *State*, 77 Ark. 418; *Gibbs* v. *Dickson*, 33 Ark. 107.

One of the appellants' grounds for a new trial is "because the court erred in giving instruction requested by the plaintiff that if there was anything due on the mule they must find for the plaintiff."

The objection is not well taken because the transcript does not show that any instruction was given at the request of the plaintiff. Besides, there was no error in it. The undisputed evidence shows that the mule was sold by Black to Warren with the distinct understanding that the title should remain in the vendor until the purchase price was paid, and that the only ground upon which plaintiff's right of recovery was sought to be defeated was that Warren had paid for the mule by delivering to Black certain bales of cotton. The question as to the payment of the purchase price of the mule was the only disputed issue of fact. Hence there was no error in giving the instruction. *Faisst* v. *Waldo*, 57 Ark. 270.

We find no error in the record, and the judgment will be affirmed.